The plaintiff has appealed from a judgment dismissing the action in accordance with Practice Book 191A[1] for failure to prosecute with reasonable diligence.
The complaint alleges that in 1955 the plaintiff furnished to the defendant goods of a certain value, that the defendant failed to pay despite repeated demands, and that in June, 1966, the defendant acknowledged the debt. It is also alleged that suit to collect the debt was commenced in 1971, but that it was dismissed for improper service of process. The present action to collect the debt was brought in May, 1974, under the "accidental failure of suit" statute, General Statutes 52592.[2] The action was dismissed on July 1, 1975, pursuant to Practice Book 191A, but that judgment was opened on September 8, 1975. *Page 731 
The case was assigned for trial on September 24 and on October 9, 1975, but was marked "over" on each of those occasions. The case was assigned for trial as a dormant case on December 2, 1975, and the trial list was mailed to all counsel at least two weeks before that date. On the date assigned for trial the case was dismissed under the provisions of Practice Book 191A for lack of diligence and for failure of the plaintiff to appear.
The foregoing facts as found by the trial court or as ascertainable from the record are not disputed. The plaintiff seeks the addition of several paragraphs of his draft finding in accordance with his motion to correct which was denied by the trial court. The additional facts sought relate to the efforts of the plaintiff to close the pleadings by appropriate motions, to the prior dismissal of the action on July 1, 1975, through the claimed inadvertence of the clerk, which judgment was subsequently opened, and to attempts by the plaintiff to have the case tried at the earliest date possible. It is also claimed that, after the plaintiff's counsel arrived a half hour late and found that the case had been dismissed, the trial court opened the judgment of dismissal upon his oral motion and accepted the trial brief which he had previously been directed to file. None of the additional facts can be determined from the record before us since no transcript or other record of the proceedings involved has been filed. The plaintiff has attached to his brief what purports to be an uncertified transcript of what occurred in the trial court on the date the action *Page 732 
was dismissed. No such transcript was filed with the trial court with the motion to correct the finding as required by Practice Book 567G.[3]
Therefore, neither can we consider this "transcript" that was belatedly filed in disregard of the rules nor can we make the requested corrections in the finding.
The facts as found by the trial court, in particular the failure of the plaintiff to appear at the time the case was assigned for trial after receiving proper notice, as admitted, are sufficient to warrant the dismissal of the case for failure to prosecute with due diligence.
 There is no error.
SPEZIALE, PARSKEY, and D. SHEA, Js., participated in this decision.